

**T. Michael Guiffré**
MGuiffre@crowell.com
(202) 624-2501 direct

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500 main
+1.202.628.5116 fax

December 8, 2023

**VIA CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, GA 30303

    Re:    *Schrier v. Qatar Islamic Bank*, Appeal No. 22-13513

Dear Mr. Smith:

    Qatar Islamic Bank writes in response to Appellant's December 6 letter, filed on the eve of oral argument. Neither case cited therein supports the exercise of conspiracy jurisdiction here.

    Appellant admits that *Sotloff v. Qatar Charity*, -- F. Supp. 3d --, No. 22-cv-80726, 2023 WL 3721683 (S.D. Fla. May 30, 2023), was vacated. It thus has no precedential value and merits no consideration. In any event, *Sotloff* is an outlier and lacks persuasive value. It was the first decision in this circuit to suggest that conspiracy jurisdiction is cognizable under Rule 4(k)(2). And it was fundamentally flawed—as the defendant likely would have argued on appeal had the decision not been vacated. For example, the district court reasoned that requiring the relationship with the forum to arise out of contacts the defendant *himself* created would "forbid theories of agency and/or alter ego to establish personal jurisdiction[.]" 2023 WL 3721683 at *17. But such jurisdictional theories are, by their nature, based on contacts the defendant has with the forum, (*i.e.*, through control of his agent or alter ego). By contrast, conspiracy jurisdiction would require a court to impute an alleged co-conspirator's contacts with the forum to the defendant. That would conflict with the Supreme Court's admonition in *Walden v. Fiore* that, "to comport with due process, a defendant's relationship with the forum must arise out of contacts that the defendant *himself* creates with the forum." 571 U.S. 277, 284 (2014).

1

Appellant is also wrong to rely on *Ruseasabagina v. Republic of Rwanda*, 2023 WL 2562692 (D.D.C. Mar. 16, 2023).[1] That court did not consider, let alone hold, that conspiracy jurisdiction is cognizable under Rule 4(k)(2). Rather, it relied on "critical contacts between [*each of*] the conspirators *and the United States*," directed at the plaintiff *while he was in the United States* (e.g., monitoring his phone and making statements to lure him out of the country). *Id*. at *7-8 (emphasis added).

For these reasons, neither the vacated *Sotloff* opinion nor *Ruseasabagina* supports an unprecedented exercise of conspiracy jurisdiction under Rule 4(k)(2).

Respectfully submitted,

*/s/ T. Michael Guiffré*
T. Michael Guiffré
Counsel for Appellee
Direct line: 1.202.624.2501

---

[1] Appellant's Reply was submitted May 8, 2023—after *Ruseasabagina*.

Appeal No. 22-13513-AA
*Matthew Schrier v. Qatar Islamic Bank*

# APPELLEE'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Appellee Qatar Islamic Bank ("QIB") submits the following Corporate Disclosure Statement:

1. Qatar Islamic Bank (QIBK.QA) is a Qatari Public Shareholding Company listed on the Qatar Stock Exchange.

2. QIB does not have a parent corporation, and there are no publicly held corporations owning 10% or more of its stock.

QIB further provides the following alphabetical list of trial judges, attorneys, persons, firms, partnerships, and corporations that are known to have an actual or potential interest in the outcome of this appeal.

1. Altman, Roy K. (United States District Judge – Southern District of Florida)

2. Baker, Emma (FOIA Counsel for Appellant)

3. Bondurant, Mixson & Elmore, LLP (Trial and Appellate Counsel Law Firm for Appellant)

4. Carroll, Kevin T. (Trial Counsel for Appellant)

5. Castello, Leslie M. (Counsel for Appellee)

6. Couriel, John D. (Former Trial Counsel for Appellant)

Appeal No. 22-13513-AA
*Matthew Schrier v. Qatar Islamic Bank*

7. Crowell & Moring LLP (Trial and Appellate Counsel Law Firm for Appellee)

8. Ederi, Ariella J. (Former Counsel for Appellee)

9. Ghali, Kamal (Counsel for Appellant)

10. Guiffre, T. Michael (Counsel for Appellee)

11. Hulsey, G. Scott (Former Trial Counsel for Appellant)

12. Hughes, Hubbard & Reed LLP (FOIA Counsel for Appellant)

13. Kaplan, Aryeh Lev (Counsel for Appellee)

14. Kobre & Kim, LLP (Trial Counsel Law Firm for Appellant)

15. Lapointe, Markenzy (Former Counsel for Appellee)

16. Layman, Shawn (Counsel for Appellee)

17. McMullen, Patrick (Former Non-Litigation Counsel for Appellant)

18. Pillsbury Winthrop Shaw Pittman LLP (Trial and Appellate Counsel Law Firm for Appellee)

19. Qatar Islamic Bank (Appellee)

20. Rains IV, John H. (Counsel for Appellant)

21. Salinas, Alexander A. (Former Trial Counsel for Appellee)

22. Schrier, Matthew (Plaintiff-Appellant)

23. Sellers, Matthew R. (Counsel for Appellant)

24. Sparacino PLLC (Non-Litigation Counsel for Appellant)

Appeal No. 22-13513-AA
*Matthew Schrier v. Qatar Islamic Bank*

25. Sparacino, Ryan R. (Non-Litigation Counsel for Appellant)

26. Squire Patton Boggs LLP (Former Trial Counsel Law Firm for Appellee)

27. Tendler, Carrie A. (Trial Counsel for Appellant)

28. Thompson, Donald L. (Former Trial Counsel for Appellee)

29. Weiss, Jonathan R. (Former Trial Counsel for Appellee)

30. Wiggin & Dana, LLP (Former Trial Counsel Law Firm for Appellant)

Respectfully submitted this 8th day of December, 2023.

/s/ *T. Michael Guiffre*
T. Michael Guiffre (DC Bar No. 465745)
Shawn C. Layman (FBN 48112)
Leslie M. Castello (DC Bar No. 1735967)
CROWELL & MORING LLP
1001 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 654-6704
Facsimile: (202) 628-5116
mguiffre@crowell.com
slayman@crowell.com
lcastello@crowell.com

Aryeh L. Kaplan
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
Phone: 786-913-4900
Aryeh.kaplan@pillsburylaw.com

*Counsel for Appellee*

C3 of C3

Appeal No. 22-13513-AA
*Matthew Schrier v. Qatar Islamic Bank*

# CERTIFICATE OF SERVICE

I certify that on December 8, 2023, I filed the foregoing through the Court's CM/ECF system, which will automatically and electronically serve the paper on all counsel of record.

*/s/ T. Michael Guiffré*
T. Michael Guiffré
*Counsel for Appellee*
